UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE McLAUGHLIN, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant(s). | Case No. 2:16-CV-1328 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiffs Michelle McLaughlin's and Ryan McLaughlin's (collectively, as "plaintiffs") motion to remand to state court. (ECF No. 6). Defendant Wal-Mart Stores, Inc. filed a response (ECF No. 8), to which plaintiffs replied (ECF No. 12).

**I.    Facts**

This is a personal injury action. Plaintiffs allege that while shopping at defendant's store, an item on top of a three-shelf display fell on Ms. McLaughlin, causing injuries to her foot and ankle. (ECF No. 6 at 2–3).

On May 23, 2016, plaintiffs commenced this action in state court, asserting three causes of action: (1) negligence; (2) negligent infliction of emotional distress; and (3) loss of consortium by Mr. McLaughlin. (ECF No. 1-2). In their complaint, plaintiffs seek general and specific damages in excess of $10,000.00 for each cause of action, costs, attorney's fees, and prejudgment interest. (ECF No. 1-2 at 10).

On June 14, 2016, defendant removed this action to federal court. (ECF No. 1). In the instant motion, plaintiffs seek remand of this action to state court, asserting two arguments in support: (1) defendant improperly used plaintiffs' prayer for relief to meets its threshold burden;

**James C. Mahan**
**U.S. District Judge**

and (2) other defendants, yet to be named, may destroy diversity of the parties. (ECF No. 6). The court will address each in turn.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

For a U.S. district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). Remand to state court is proper if the district court lacks jurisdiction. *Id.* On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III.  Discussion

In its statement of removal, defendant asserts that the amount in controversy is satisfied because plaintiffs' prayer for relief sought damages in excess of $120,000.00. (ECF No. 5 at 2). While the complaint alleges general and special damages exceeding $10,000.00 for each of the three causes of action, it does not expressly state the total amount in controversy. (ECF No. 1-2).

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount in damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, the amount in controversy exceeds [$75,000.00]." *Sanchez*, 102 F.3d at 404; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (reaffirming *Sanchez* as setting forth the proper standard for such circumstances). Therefore, defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *See id.*

James C. Mahan
U.S. District Judge

In their motion, plaintiffs allege that defendant failed to meet its burden of showing the amount in controversy because defendant improperly doubled the combined amounts for each plaintiff to artificially reach the amount of $120,000.00. (ECF No. 6 at 7).

In response, defendant asserts that each plaintiff alleged general and special damages in excess of $10,000.00 for each of the first two causes of action (negligence and negligent infliction of emotional distress). (ECF No. 8 at 3–4). Defendant contends that based on these first two claims alone, the amount in controversy has already been met as the total amount of damages alleged is in excess of $80,000.00. (ECF No. 8 at 4).

Moreover, defendant notes that this amount is not inclusive of the additional damages alleged in the complaint regarding Ms. McLaughlin's emotional and physical damages. (ECF No. 8 at 4–5). In support, defendant attaches a letter from plaintiffs' counsel representing that "Ms. Laughlin's past medical expenses appear to be $45,145.98." (ECF No. 8-1 at 3).

In their reply, plaintiffs argue that the first two causes of action pertain solely to Ms. Laughlin, whereas the third cause of action pertains solely to Mr. McLaughlin. (ECF No. 12 at 4–5).

Based on the foregoing, the court finds that defendant has failed to meet its burden to set forth evidence demonstrating it is "more likely than not" that the amount in controversy exceeds $75,000.00. *See Sanchez*, 102 F.3d at 404. The evidence provided, the letter from plaintiffs' counsel, merely shows that the amount in controversy exceeds $45,000.00. This falls short of the jurisdictional threshold.

Because the amount in controversy has not been met, the court need not address the diversity of the parties. Accordingly, the court will grant plaintiffs' motion to remand to state court as defendant has not met its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand to state court (ECF No. 6) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

1          IT IS FURTHER ORDERED that the matter of *McLaughlin v. Wal-Mart Stores, Inc.*, case
2   number 2:16-cv-01328-JCM-GWF, be REMANDED to state court.
3          DATED September 23, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**